FILED
U.S. DISTRICT COURT

DAVID B. BARLOW, United States Attorney (No. 13177)
MARK Y. HIRATA, Assistant United States Attorney (No. 5087) 2012 OCT 19 P 2: 56
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:10-cr-01112-DB |
| Plaintiff, | : | |
| vs. | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| EMILEE PETERSON BUCKLEY, | : | |
| Defendant. | : | Judge Dee Benson |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1.    As part of this agreement with the United States, I intend to plead guilty to Counts 1 through 3 of the Indictment. My attorney has explained the nature of the charges against me and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me.

The elements for Counts 1, 2, and 3, in violation of 18 U.S.C. § 1343 (Wire Fraud), are:

- First, I devised a scheme and artifice to defraud or a scheme to obtain money by means of false pretenses, representations, or promises as alleged in the Indictment;

- Second, I knowingly and willfully participated in the scheme and artifice to defraud with knowledge of its fraudulent nature and with specific intent to defraud;

- Third, in execution or furtherance of that scheme, I caused the use of interstate wire transmissions as specified in the Indictment; and

- Fourth, the scheme employed false or fraudulent pretenses, representations, or promises that were material.

2.      I know that the maximum possible penalty provided by law for Counts 1, 2, and 3, respectively, of the Indictment, a violation of 18 U.S.C. § 1343 (Wire Fraud), is a term of imprisonment of twenty (20) years, a fine of $250,000.00, and a term of supervised release of three (3) years.  I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).  Additionally, I know the Court is required to impose an assessment in the amount of $100.00 for each offense of conviction pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offense shall be ordered pursuant to 18 U.S.C. § 3663A.

3.      I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a) and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence.  I have discussed these procedures with my attorney.  I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not agree to the Rule 11(c)(1)(C) agreement.

4.      I know that I can be represented by an attorney at every stage of the proceeding and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.      I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty", I can have a trial.

6.      I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

(a)      I have a right to the assistance of counsel at every stage of the proceeding.

(b)      I have a right to see and observe the witnesses who testify against me.

(c)      My attorney can cross-examine all witnesses who testify against me.

(d)    I can call witnesses to testify at trial and I can obtain subpoenas to require the attendance and testimony of those witnesses.  If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

(e)    I cannot be forced to incriminate myself and I do not have to testify at any trial.

(f)    If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g)    The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h)    It requires a unanimous verdict of a jury to convict me.

(i)    If I were to be convicted, I could appeal and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7.    If I plead guilty, I will not have a trial of any kind.

8.    I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence.  However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal as set forth in paragraph 12(a)(2) below.

9.    I know that the United States may only appeal if the acceptance of the plea and sentence is contrary to terms of the plea agreement entered pursuant to Rule 11(c)(1)(C) and that 18 U.S.C. § 3742(b) otherwise sets forth the circumstances under which the United States may appeal my sentence.

10.    I know that under a plea of guilty the judge may ask me questions under oath about the offense.  The questions, if asked on the record and in the presence of counsel, must be answered truthfully and if I give false answers, I can be prosecuted for perjury.

11.    I stipulate and agree that the following facts accurately describe my conduct.  These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

From January 2007 through October 2007 (the "fraud period"), I knowingly devised a plan to obtain money from investors by means of pretenses, representations, and omissions which I knew were false and misleading.  As of January 1, 2007, I knew my companies,

Calypso Financial, LLC, and other related companies (collectively, Calypso), were making little, if any, money and had significant outstanding monthly financial obligations and debts of approximately $500,000. I also knew that the only way Calypso could continue to meet its monthly financial obligations was through debt financing.

Despite Calypso's negative financial situation, I knowingly made the following representations to investors which I knew were false, misleading, and deceptive. First, I told investors that Calypso was successful and making money from its business activities, including: (1) residential properties in Salt Lake City; (2) real estate developments in St. Croix, St. George, property in Central Utah with valuable water rights, and a precious metals mine; and (3) foreign trading platforms in Hong Kong, Europe, and elsewhere. Second, I told investors that based on Calypso's success, I could provide them with monthly returns ranging from 4 to 15 percent per month. Third, I often provided investors with a balance sheet which reflected Calypso had a net worth in excess of $60 million. Finally, I told investors that Calypso's assets were more than sufficient to pay them back and make them whole in the event its business went bad. In addition to the foregoing misrepresentations, I knowingly concealed from investors the fact that much of their investment would be used to make interest payments to or to pay off old investors. I knew each of the foregoing misrepresentations and omission were material to investors and their decision to invest with Calypso. Throughout the fraud period and with full knowledge of the above misrepresentations and omission, I accepted money from investors ranging in amounts from $100,000 to as much as $3.5 million.

**Count 1**

On or about April 12, 2007, and in execution of the above scheme, investor J.M. wired $1,500,000 from his Mountain America Credit Union account to a Calypso account at Wells Fargo Bank. This financial transaction involved an interstate wire transmission.

**Count 2**

On or about June 18, 2007, and in execution of the above scheme, investor J.M. wired $500,000 from his Mountain America Credit Union account to a Calypso account at Wells Fargo Bank. This financial transaction involved an interstate wire transmission.

**Count 3**

On or about September 26, 2007, and in execution of the above scheme, investor D.S. wired $100,000 from his U.S. Bank account (Oregon) to a Calypso account at Wells Fargo Bank (Utah).

The above acts occurred in the District of Utah and elsewhere.

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

(a) The defendant agrees as follows:

-4-

(1)     I will plead guilty to Counts 1, 2, and 3 of the Indictment.

(2)(a)  Fully understanding my limited right to appeal my
        sentence, as explained above in paragraph 8, and in
        consideration of the concessions and/or commitments
        made by the United States in this plea agreement, I
        knowingly, voluntarily, and expressly waive my right to
        appeal any sentence imposed upon me, except that I do not
        waive my right to appeal as set forth in 18 U.S.C.
        § 3742(c)(1), which states that I may not file a notice of
        appeal if the sentence imposed is greater than the sentence
        set forth in this agreement.

(2)(b)  I also knowingly, voluntarily, and expressly waive my
        right to challenge my sentence, except as set forth in ¶ 2(a)
        above, in any collateral review motion, writ or other
        procedure, including but not limited to a motion brought
        under 28 U.S.C. § 2255.

(2)(c)  I understand that this waiver of my appeal and collateral
        review rights concerning my sentence shall not affect the
        government's right to appeal my sentence pursuant to 18
        U.S.C. §§ 3742(c)(2), (b)(1), and (b)(2).

(2)(d)  I further understand and agree that the word "sentence"
        appearing throughout this waiver provision is being used
        broadly and applies to all aspects of the Court's sentencing
        authority, including, but not limited to: (1) sentencing
        determinations; (2) the imposition of imprisonment, fines,
        supervised release, probation, and any specific terms and
        conditions thereof; and (3) any orders of restitution.

(3)     To prepare my Pre-Sentence Report, I acknowledge that
        the United States Probation Office will ask me to complete
        the "Probation 48 Financial Packet" and to provide
        supporting documentation for the representations I make
        therein.  I agree to truthfully and accurately complete the
        "Probation 48 Financial Packet" and to provide a copy of
        it and all supporting documentation attached thereto to the United States
        Probation Office and to the United States
        Attorney's Office within **three weeks** of my change of
        plea.  I also consent to allowing the United States
        Attorney's Office to run a credit check on me.  I
        understand that providing false or incomplete information
        or refusing to provide this information may be used as a

basis for a separate prosecution under 18 U.S.C. § 1001.

(4)     I consent to the Probation Office or the United States Attorney's Office obtaining a report of my credit record and using the information from that report in preparing the Presentence Report, at sentencing, or in any subsequent action, proceeding, or hearing related to the present action.

(5)     I agree that, pursuant to the provisions of 18 U.S.C. §§ 3663A(a)(1) and (c)(1)(A)(ii), I am obligated to make restitution and the Court is obligated to order that I pay it. I understand and agree that the Court will determine at sentencing the final amount of restitution I must pay.  In addition:

(a)     I understand that the amount of restitution will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664.  I agree to pay all restitution as ordered by the Court.  I understand the payment of restitution is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(b)     I agree to pay restitution during any period of incarceration imposed on me as determined by the Court.  I understand and agree that payment of any restitution owed should be a condition of any term of probation or supervised release imposed upon me.  I know that if I fail to pay, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

(c)     I agree that I will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

(6)     To help me meet my obligations to pay restitution and/or a fine, I consent to being placed on the Treasury Offset Program and State Finder.

(7)     I understand that if I knowingly violate any local, state or federal law between now and the time of my sentencing,

-6-

such offense may constitute a violation of this plea agreement. I also understand that the Court will decide whether a violation of the plea agreement has occurred. If the Court finds that I have breached this agreement by violating any law, I understand that the Court may relieve the government of all obligations and commitments in this plea agreement while leaving intact my plea of guilty.

(b)   The defendant and the United States agree as follows:

   (1)   The offense to which the defendant is pleading guilty:

   •   Involved a loss greater than $7 million but not greater than $20 million.

   •   Involved more than 9 but not more than 49 victims.

   (2)   The total restitution in this case is $11,272,908.74.

   (3)   Pursuant to Rule 11(c)(1)(C), a sentence of 60 months imprisonment is the appropriate disposition of the case.

   (4)   This agreement, including the defendant's plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of and acceptance by the Court. The defendant and the United States further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and the parties agree to fully cooperate in the preparation of the Presentence Report.

   (5)   If, after receiving all relevant information, the Court rejects the plea agreement and determines that the agreed upon sentence of 60 months imprisonment is not an appropriate disposition of the case, the defendant will have the right to withdraw her plea of guilty and the terms of this agreement will become null and void. Similarly, if the Court rejects the plea agreement and determines that the agreed upon sentence of 60 months imprisonment is not an appropriate disposition of the case, the United States will have the right to move to vacate this agreement, and the terms of this agreement, including the plea, will become null and void.

-7-

(5)    All other sentencing provisions (e.g., supervised release,
       restitution, assessments, etc.) will be imposed in
       accordance with applicable law.

\*       \*       \*       \*

I make the following representations to the Court:

1.     I am 38 years of age.  My education consists of _SOME OF COLLEGE_
       I can read and understand English.

2.     This Statement in Advance contains all terms of the agreements between
       me and the government; if there are exceptions, the Court will be
       specifically advised, on the record, at the time of my guilty plea of the
       additional terms.  I understand the government and I cannot have terms
       of this plea agreement that are not disclosed to the Court.

3.     No one has made threats, promises, or representations to me that have
       caused me to plead guilty.

4.     Neither my attorney nor the government has represented to me that I
       would receive probation or any other form of leniency because of my
       plea.

5.     I have discussed this case and this plea with my lawyer as much as I
       wish, and I have no additional questions.

6.     I am satisfied with my lawyer.

7.     My decision to enter this plea was made after full and careful thought;
       with the advice of counsel; and with a full understanding of my rights,
       the facts and circumstances of the case, and the consequences of the
       plea.  I was not under the influence of any drugs, medication, or
       intoxicants when the decision to enter my plea was made, and I am not
       now under the influence of any drugs, medication, or intoxicants.

8.     I have no mental reservations concerning the plea.

9.     I understand and agree to all of the above.  I know that I am free to
       change or delete anything contained in this Statement in Advance.  I do
       not wish to make changes to this agreement because I agree with the

       terms and all of the statements are correct.

-8-

DATED this 18 day of October, 2012.

EMILEE PETERSON BUCKLEY
Defendant

### Attorney Certification

I certify that I have discussed this Statement in Advance with the defendant, that I have fully explained her rights to her, and I have assisted her in completing this form. I believe that she is knowingly and voluntarily entering the plea with full knowledge of her legal rights and that there is a factual basis for the plea.

DATED this 18 day of October, 2012.

EDWARD K. BRASS
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this 18th day of October, 2012.

DAVID B. BARLOW
United States Attorney

MARK Y. HIRATA
Assistant United States Attorney